**Steve D. Larson,** OSB No. 86354
Email: slarson@ssbls.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:      (503) 227-6840

**Jordan M. Lewis**
Email: jordanlewis@sbgdf.com
**Wood R. Foster Jr.**
Email: woodfoster@sbgdf.com
SIEGEL, BRILL, GREUPNER,
DUFFY & FOSTER, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Telephone:     (215) 814-9322
Facsimile:      (215) 814-9323

**Peter N. Wasylyk**
Email: pnwlaw@aol.com
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, RI 02098
Telephone:     (401) 831-7730
Facsimile:      (401) 861-6064

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EDWARD SLAYMAN, on behalf of himself and all persons similarly situated,<br><br>              Plaintiff,<br><br>         v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>              Defendant. | Case No. _____<br><br>CLASS ACTION COMPLAINT |

Page 1 -   **CLASS ACTION COMPLAINT**

::ODMA\GRPWISE\SSBLS_Domain.PO PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7418-003

Plaintiff, on behalf of himself and all others similarly situated, alleges upon his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, as follows:

## INTRODUCTION

1. Throughout most of the upper-tier parcel shipping industry, the drivers who actually pick up and deliver packages are the *employees* of the companies for which they drive. This is true, for example, of FedEx, the parent of defendant FedEx Ground Package System, and of FedEx's largest competitors. This designation makes sense: these shippers have developed a highly regulated set of procedures and protocols that they could not require of drivers if they were independent contractors.

2. Almost unique in the industry, however, are the drivers who deliver for defendant FedEx Ground Package System, Inc. Though these drivers are similarly subject to tightly-regulated control by FedEx Ground, they are nevertheless called independent contractors by FedEx Ground.

3. True independent contractor status is something desired by most of the named plaintiffs, and probably most of the class described below. True independent contractor status would permit plaintiffs certain freedoms to operate their business as they see fit, and to run the risks and rewards of owning a business. But there is nothing "independent" about the actual job requirements imposed on drivers by FedEx Ground.

4. Accordingly, if FedEx Ground is going to treat plaintiff and class members as employees, then it must compensate them as employees, as well. Thus, this lawsuit, on behalf of the named plaintiffs and the class described below, seeks:

Page 2 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600    FAX (503) 227-6840

::ODMA\GRPWISE\SSBLS.Domain.PO_PDX.Clients3:79618.1

7418-003

- a declaration that plaintiff and the class are in fact, FedEx Ground employees;

- an award of overtime, paid at the rate of 1.5 times their effective hourly rate;

- reimbursement by FedEx Ground for the multiple overhead business expenses that plaintiff and the class members have been required to cover; and

- the full range of ERISA pension and health benefits available to all other FedEx Ground employees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the ERISA claims under 29 U.S.C. §1132 (e)(1). This Court has subject matter jurisdiction over all other claims asserted in this action via 28 U.S.C. §1367.

6. Venue is proper in this judicial district because the plaintiff lived and/or worked within this district during the class period, and many of the acts at issue took place here.

## PARTIES

7. Edward Slayman was, during the relevant period, a driver for FedEx Ground.

8. FedEx Ground Package System, Inc. ("FedEx Ground") is a subsidiary of FedEx Corp.

9. FedEx Ground was spun off in 2000 from its original parent corporation, FDX Corporation. FedEx Ground is a Delaware corporation with its headquarters in Coraopolis, PA. FedEx Ground is the second largest small package ground carrier in North America, with about 35,000 employees and independent contractors.

Page 3 - CLASS ACTION COMPLAINT

::ODMA\GRPWISE\SSBLS_Domain.PO_PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7418-003

10.     Plaintiff and class members are/were drivers for FedEx Ground. FedEx Ground is specifically defined in this complaint to include all successor, predecessor, and subsidiary entities to which these allegations pertain.

## FACTS

11.     Plaintiff and all class members are subject to essentially the same standard contractor operating agreement (which by its terms is governed by Pennsylvania law), as well as uniform FedEx Ground policies and guidelines, only some of which (at least to plaintiff's knowledge) are in writing. The combined effect of these FedEx Ground policies is that FedEx Ground has the right to, and indeed does, exercise virtually total control over working status, conditions, and requests of plaintiffs and the class.

12.     Examples of FedEx Ground control include:

- *Minimum daily hours.* Plaintiff and class members must spend at least seven hours daily on the road, even if they have completed all their assigned deliveries and pickups. Plaintiff and class members are docked if they leave the road early, even if their deliveries are completed.

- *Required insurance.* FedEx Ground requires a certain level of auto, liability and workers' compensation insurance, and further requires that plaintiffs and class members buy their insurance from FedEx Ground.

- *No substitute drivers.* Plaintiff and class members are not permitted to allow drivers who are not pre-approved by FedEx Ground to assume their job duties even temporarily.

- *Uniforms.* Plaintiff and class members are required to wear FedEx Ground uniforms, without any variance. Their uniform may only be purchased from FedEx Ground.

- *Truck decals.* Plaintiff and class members are required to decorate their trucks with the same standard-issue FedEx Ground decals, which is only available from FedEx Ground.

- *Punching the clock.* Plaintiff and class members are required to carry an electronic scanner. Plaintiff and class members are required to

Page 4 -   CLASS ACTION COMPLAINT

::ODMA\GRPWISE\SSBLS_Domain.PO_PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7418-003

electronically "punch in" at the start of their workday, and "punch out" at the conclusion. The scanner transmits throughout the day, and records the whereabouts of the plaintiffs and the class members.

- *Controlled departures.* Plaintiff and class members are not permitted to depart from their terminal until after the entire package sort is complete, even where plaintiffs and class members have loaded and readied all of their packages that they are required to deliver. They are required to wait until FedEx Ground completes its paperwork.

- *Bonus tied to FedEx Ground performance.* Plaintiff's and class members' bonuses are tied to the performance of FedEx Ground.

- *Authority over workdays.* FedEx Ground has the right to order the plaintiff and class members to work holidays and days after holidays (such as the Friday after Thanksgiving). Failure to show up to work on these required days can result in termination.

- *Authority over work assignments.* FedEx Ground assumes complete authority over which geographical area is to be serviced by plaintiff and class members. Plaintiff and class members are not permitted to exchange those assigned geographical areas among themselves.

- *Authority over work load.* FedEx Ground exercises total control over the workload of plaintiff and class members.

- *Authority over drop-offs and pickups.* FedEx Ground assumes complete control over the daily drop-off and pickups assignments of plaintiff and class members. Plaintiff and class members are not permitted to informally exchange work assignments among themselves.

- *Authority over the selling of routes.* Plaintiff and class members cannot buy and sell their FedEx Ground assigned routes without prior approval by FedEx Ground.

- *No potential for entrepreneurial risks and rewards.* Plaintiff and class members are compensated on a highly structured system that gives them no ability to exercise entrepreneurship or otherwise engage in the risks and rewards associated with owning a business. Accordingly, plaintiff and class members are paid a daily stipend, based on their geographical area assigned by FedEx Ground, and are paid a set amount for each FedEx assigned stop, and separately for each FedEx-assigned delivered package.

- *No opportunity to sell FedEx Ground services.* Plaintiff and class members cannot take orders from customers for FedEx Ground services.

Page 5 - **CLASS ACTION COMPLAINT**

::ODMA\GRPWISE\SSBLS.Domain.PO.PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7418-003

- *No opportunity to compete.* Plaintiff and class members cannot separately offer pickup and/or delivery services independent from FedEx Ground.

- *"Company store."* Plaintiff and class members receive weekly paychecks from FedEx Ground. From their total owed (assigned route stipend plus assigned stops plus completed deliveries), FedEx Ground deducts various compulsory expenses. These business expenses are for services (such as the leasing of equipment) that plaintiff and class members cannot shop around to other vendors to seek a better deal.

- *Approval requirements.* FedEx Ground requires that all plaintiff and class members (and those substitute drivers who plaintiff and class members want to occasionally assume their job duties) take and pass a FedEx Ground institutional course.

- *Port-to-port control.* Plaintiff and class members are required to begin their workday at their assigned FedEx Ground terminal.

## CLASS ALLEGATIONS

13.  Plaintiff brings this case on behalf of the following class:

All single work area pick up and delivery drivers who (1) are dispatched from a Oregon-based terminal, and (2) performed services for FedEx Ground driving full-time (exclusive of time off for vacation and/or illness) pursuant to the terms of the standardized operating agreements.

The named plaintiff fits within this description.

14.  All class members share an interest in ascertaining whether they should be treated as employees, or as independent contractors.

15.  The named plaintiff will fairly and adequately represent the class. The named plaintiff has no interest antagonistic to the members of the class, and has retained lawyers experienced in class action litigation to prosecute their case.

16.  The class is large, numbering into the hundreds. Accordingly, joinder is impracticable.

Page 6 -   **CLASS ACTION COMPLAINT**

::ODMA\GRPWISE\SSBLS_Domain.PO_PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7418-003

17. Nevertheless, the class is not large enough to render class treatment unmanageable. Nearly all relevant information, e.g., the identity of those class members, can be found in written and electronic records of FedEx Ground.

18. Pursuant to Fed. R. Civ. P. 23(a)(2) and (a)(3), there are questions of law or fact common to the class, including, but not limited to:

    a. Whether plaintiff and class members have the requisite independence and discretion of independent contractors?

    b. Whether the uniform acts of defendant convert the plaintiff and the class, by law, into "employees"?

    c. Whether plaintiff and the class are entitled to their overtime, at a rate of time-and-a half for all hours worked over 40 per week?

    d. Whether plaintiff and the class are entitled to be reimbursed for defendant's business expenses that they covered?

    e. Whether plaintiff and the class are entitled to their pension and health benefits plans because they are, in fact, employees?

    f. Whether the actions of FedEx Ground are applicable to the class as a whole, entitling class members to injunctive relief?

19. The claims of plaintiff are typical of the claims of each member of the class as a whole and are based on and arise out of identical conduct by FedEx Ground.

20. Plaintiff is committed to pursuing this action and have retained competent counsel experienced in class action litigation. Plaintiff will fairly and adequately represent the interests of the members of the class.

21. The prosecution of separate actions by individual members of the class would create a risk of establishing incompatible standards of conduct for defendant.

22. Defendant's actions are generally applicable to the class as a whole, and plaintiff seeks remedies with respect to the class as a whole.

Page 7 -    CLASS ACTION COMPLAINT

::ODMA\GRPWISE\SSBLS_Domain.PO_PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7418-003

23.  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy.

## First Claim for Relief

## (Plan Enforcement Under ERISA)

24.  Plaintiff restates and realleges the above paragraphs as if fully set forth.

25.  Plaintiff's first cause of action is a claim for plan enforcement under 29 U.S.C. §1132 (a)(1)(B) of ERISA.

26.  This Court has jurisdiction to hear this claim under 29 U.S.C. §1132 (e)(1).  In conformity with 29 U.S.C. §1132 (h), plaintiff is contemporaneously serving this complaint, by certified mail, on the secretaries of Labor and Treasury.

27.  The class period for the claim extends six years back from the commencement of this litigation.

28.  Under 29 U.S.C. §1132 (a)(1)(B), plaintiff is authorized to clarify and to enforce their rights to ERISA benefits in whatever plan for which they were eligible.

29.  Up to now, defendant has taken the position that plaintiff is not entitled to any ERISA benefits, based on defendant's legally invalid contention that plaintiff and the class are not employees.

30.  Because plaintiff and the class, however, are in fact employees, they are entitled to employee benefits.

31.  Accordingly, under 29 U.S.C. §1132 (a)(1)(B), plaintiff is entitled to his benefits, declaratory relief, equitable restitution, and injunctive relief.  Plaintiff is further entitled to prejudgment interest, costs, and attorneys' fees pursuant to 29 U.S.C. §1132(g).

Page 8 -   CLASS ACTION COMPLAINT

::ODMA\GRPWISE\SSBLS_Domain.PO_PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7418-003

## Second Claim for Relief

## (Unjust Enrichment)

32.     Plaintiff restates and realleges the above paragraphs as if fully set forth.

33.     Plaintiff's second cause of action is for unjust enrichment. It arises under the common law.

34.     The class period for this claim extends six years back from the commencement of this action.

35.     Throughout the course of their relationship, plaintiff and the class have conferred benefits on defendants, the retention of which would be inequitable without payment. The benefits are those expenses that defendant has required plaintiff and the class to pay, but that were in fact business expenses that - in any commercial employee-employer relationship - would be defendant's obligation to cover. These expenses include but are not limited to:

- Purchasing and/or leasing the vehicle used to perform pickups and deliveries;
- Operating expenses, such as fuel, oil, tires, business taxes, cleaning, insurance, registration and tolls;
- Vehicle maintenance;
- Marking the vehicle with decals, logos, numbers, marks and insignias;
- Vehicle licensing;
- Payments to various performance escrow accounts;
- Purchasing, renting and cleaning of uniforms;
- Purchasing and other payments for use of communication, equipment such as scanners;
- Liability insurance premiums and payments;
- Workers' compensation insurance premiums and payments

Page 9 -   **CLASS ACTION COMPLAINT**

::ODMA\GRPWISE\SSBLS Domain.PO PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7418-003

In addition, plaintiff and the class have worked more than 40 hours a week, but have not been compensated at a rate appropriate, given their correct legal status as employees.

36.   Defendant has accepted and appreciated the value of shifting these expenses onto plaintiff and the class. Under these circumstances, it would be inequitable for defendant to retain this benefit without payment to plaintiff and the class for the expenses.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff individually, and on behalf of all other similarly situated, prays for the following relief:

A.   An order certifying the class as described with the named plaintiff as class representative.

B.   An award to the plaintiff and the class in the amount of their unpaid overtime compensation.

C.   A declaration that plaintiff and class members are full participants in all ERISA plans otherwise available to FedEx Ground employees.

D.   An order that requires FedEx Ground to pay or otherwise credit plaintiff and class members for all ERISA benefits to which they are retroactively entitled.

E.   An order requiring FedEx Ground to reimburse and/or indemnify plaintiff and class members for the FedEx Ground business expenses that they have covered.

F.   An award of attorneys' fees, plus the costs and expenses of this action.

G.   Prejudgment interest, as afforded by law.

H.   All such other legal and equitable relief to which plaintiff and class are entitled.

Page 10 - **CLASS ACTION COMPLAINT**

::ODMA\GRPWISE\SSBLS_Domain.PO_PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7418-003

Dated: July 20, 2005                Respectfully submitted,

STOLL STOLL BERNE LOKTING & SHLACHTER

By: _____
Steve D. Larson, OSB No. 86354

209 SW Oak Street
Fifth Floor
Portland, OR 9720
Telephone: (503) 227-1600
Facsimile: (503) 644-4754
Email:      slarson@ssbls.com

and

**Jordan M. Lewis**
**Wood R. Foster Jr.**
SIEGEL, BRILL, GREUPNER,
DUFFY & FOSTER, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone:  (215) 814-9322
Facsimile:  (215) 814-9323
Email:      jordanlewis@sbgdf.com
            woodfoster@sbgdf.com

**Peter N. Wasylyk**
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, RI 02098
Telephone:  (401) 831-7730
Facsimile:  (401) 861-6064
Email:      pnwlaw@aol.com

**ATTORNEYS FOR PLAINTIFFS**

::ODMA\GRPWISE\SSBLS_DOMAIN.PO_PDX.CLIENTS3:79618.1

Page 11 - CLASS ACTION COMPLAINT

::ODMA\GRPWISE\SSBLS_Domain.PO_PDX.Clients3:79618.1

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7418-003