IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EDWARD SLAYMAN, DENNIS McHENRY and JEREMY BRINKER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 3:05-cv-01127-HZ<br>(Lead Case)<br><br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING CLASS COUNSEL ATTORNEY FEES AND COSTS, AND APPROVING SERVICE AWARDS TO PLAINTIFFS** |
| JON LEIGHTER and DAVID SPICER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, INC.,<br><br>　　　　　　　　　Defendants. | Case No. 3:07-cv-0818-HZ<br>(Trailing Case) |
| TIMOTHY BERG, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 3:14-cv-01663-HZ<br>(Trailing Case) |

This matter came before the Court on Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). All defined terms herein shall have the same meaning as set forth in the Class Action Settlement Agreement ("Settlement").

The Court, having previously entered the Order Preliminary Approving Class Action Settlement, Certifying Settlement Class and Subclasses, Approving Notice Procedures, and Setting Final Approval Hearing ("Preliminary Approval Order"), dated April 17, 2016, in which the Court preliminarily approved the proposed settlement set forth in the Settlement as being a fair, reasonable and adequate settlement that is in the best interests of the class, preliminarily certified the *Berg* Class; designated Class Representatives and Class Counsel; appointed a Settlement Administrator; approved the forms and methods of disseminating information about the Settlement, the Settlement Notice and Forms, and found them to constitute the best notice practicable under the circumstances and to fully satisfy the requirements of due process and Federal Rule of Civil Procedure 23; established procedures for Class Members to make claims, opt out or object to the Settlement; established deadlines for the filing of a motion for an award of attorney fees, costs, and service awards ("Motion for Fees, Costs, and Service Awards"); and scheduled a Final Approval Hearing for October 18, 2016, that was later postponed to October 20, 2016, for the Court to determine whether the Settlement should be finally approved and judgment entered thereon;

The Final Approval Hearing having been held on October 20, 2016, after notice to the Class, and the Court having fully considered Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, For an Award of Attorney Fees, Expenses, and Services Award; and Memorandum in Support as well as the submissions in support thereof, and all papers filed with

PAGE 1 -  ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING CLASS COUNSEL ATTORNEY FEES AND COSTS, AND APPROVING SERVICE AWARDS TO PLAINTIFFS

or submitted to the Court in connection with the proceedings in these actions, and good cause appearing therefor;

THE COURT HEREBY ORDERS AND FINDS AS FOLLOWS:

1. The Court has subject matter jurisdiction over these actions and all matters that relate to the Settlement.

2. The Settlement is finally approved as being a fair, reasonable, and adequate class action settlement. The Court further finds that the Settlement was the result of arm's-length negotiations conducted after Class Counsel adequately investigated the claims of the named Plaintiffs and the Class and became familiar with the strengths and weaknesses of the claims in the Litigation, and the risks attendant to continued prosecution of those claims. The assistance of an experienced mediator in the settlement process further supports the Court's conclusion that the Settlement is fair. The Settlement also offers substantial benefits to the Class. The Settlement fully satisfies the requirements set forth in Federal Rule of Civil Procedure 23(e)(1)(C), and the Parties are directed to consummate and implement the Settlement in accordance with its terms and provisions.

3. In addition to the classes and subclasses in *Slayman v. FedEx Ground Package Sys., Inc.*, 3:05-cv-01127-HZ ("*Slayman*") and *Leighter v. FedEx Ground Package Sys., Inc.*, 3:07-cv-00818-HZ ("*Leighter*"), which were previously certified by the United States District Court for the Northern District of Indiana as part of multi-district litigation proceedings under the caption *In re FedEx Ground Package Sys., Inc. Employment Practices Litig.*, 3:05-md-00527 (the "MDL Proceeding"), the Court confirms the certification, pursuant to Federal Rules of Civil Procedure 23(a) & (b)(3) and for settlement purposes only, the following class and subclasses in

PAGE 2 -   ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING CLASS COUNSEL ATTORNEY FEES AND COSTS, AND APPROVING SERVICE AWARDS TO PLAINTIFFS

*Berg v. FedEx Ground Package Sys., Inc.*, 3:14-cv-01663-HZ ("*Berg*") (collectively, the following class and subclasses are referred to herein as the "*Berg* Class"):

> All persons who: 1) entered into a FedEx Ground or FedEx Home Delivery Form Operating Agreement (now known as OP-149 and Form OP-149- RES); 2) drove a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) from July 27, 2009 through September 18, 2015, to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal in the state of Oregon.

> All persons who: 1) entered into a FedEx Ground or FedEx Home Delivery Form Operating Agreement (now known as OP-149 and Form OP-149- RES); 2) drove a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) to provide package pick-up and delivery services pursuant to the Operating Agreement; 3) were dispatched out of a terminal in the state of Oregon; and 4) who, at any time from July 27, 2009 through September 18, 2015, operated vehicles with a gross vehicle weight rating of less than 10,001 pounds.

> All persons who: 1) entered into a FedEx Ground or FedEx Home Delivery Form Operating Agreement (now known as OP-149 and Form OP-149- RES); 2) drove a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) to provide package pick-up and delivery services pursuant to the Operating Agreement; 3) were dispatched out of a terminal in the state of Oregon; and 4) whose Operating Agreement was terminated at any time from July 27, 2009 through September 18, 2015.

4. Plaintiffs, and Class Counsel, have fairly and adequately represented the Class throughout the Litigation.

5. The Parties have fully implemented the procedures for notice to the Class pursuant to the Settlement and the Preliminary Approval Order.

6. The Court confirms that the form and content of the Settlement Notice (including the Detailed Notices) and the Claim Form, and the procedure set forth in the Settlement for providing notice of the Settlement to the Class, were in full compliance with the notice requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), fully, fairly, accurately, and adequately advised members of the Class of their rights under the Settlement, provided the

best notice practicable under the circumstances, met the requirements of due process, and afforded Class Members with adequate time and an opportunity to file objections to the Settlement, submit Requests for Exclusion, and submit Claims to the Settlement Administrator.

7. The Court finds that no objections have been submitted by Class Members.

8. The Court finds that 4 class members submitted Requests for Exclusion from the *Slayman* and *Leighter* classes and no class members submitted Requests for Exclusions from the *Berg* class, so a total of 4 Class Members have validly submitted Requests for Exclusion. Those persons (listed on Exhibit A hereto) are excluded from the Class, and are not bound by the Settlement or any of the terms or provisions contained therein.

9. The Court further finds that the Claim Form was not unduly burdensome for Class Members to complete, the claims process set forth in the Settlement was reasonable and appropriate, and the plan to distribute the Class Settlement Fund to Eligible Class Members who submitted Valid Claims is in all respects fair, reasonable, and adequate, and is approved. The Settlement Administrator is authorized to proceed with the distribution plan as set forth in the Settlement, and that the class members listed on the attached Exhibit B are entitled to payment pursuant to the Distribution Plan.

10. All complaints filed by Plaintiffs in the Litigation are hereby dismissed with prejudice, without fees, costs, or disbursements to any Party except as provided in the Settlement and this Order.

11. As provided in the Settlement, the Settlement is in full settlement, compromise, release, and discharge of the Released Claims and each of them, and the Releasees have no further or other liability or obligation to any Class Member with respect to the Released Claims, except as expressly provided for in the Settlement. As provided in the Settlement, Class

PAGE 4 -  ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING CLASS COUNSEL ATTORNEY FEES AND COSTS, AND APPROVING SERVICE AWARDS TO PLAINTIFFS

Members are also enjoined from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future. The releases and the covenant not to sue set forth in the Settlement and reflected in this Order have the scopes provided for in the Settlement. Those persons who have validly submitted Requests for Exclusion are not bound by the releases or the covenant not to sue set forth in the Settlement and reflected in this Order.

12. The Court finds that the Parties and their attorneys have complied with the requirements of Federal Rule of Civil Procedure 11 throughout the Litigation.

13. The Court awards to Class Counsel attorney fees in the amount of $4,635,000, and expenses in the amount of $104,100.37. Such awards, made in accordance with the Settlement, are fair and reasonable under the circumstances. In making its award of attorney fees and costs, the Court has considered the following factors: (a) the contingent nature of this action; (b) the time and expense incurred by Class Counsel; (c) the experience, reputation, and ability of Class Counsel and the skill they displayed in the Litigation; and (d) the results and benefits achieved for the Class. Payment of such attorney fees and costs is hereby ordered.

14. The Court awards the Settlement Administrator $48,264.87 to reimburse it for costs and expenses relating to the Notice, to the claim handling process, and to the payments to be made to Class Members.

15. The Court finds that service awards of $10,000 to each of the named Plaintiffs are fair and reasonable in light of the benefits they provided to the Class. Payment of such service awards is hereby ordered.

16. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be, may be offered or received as evidence in any action or proceeding, or may be used in any way as an admission, concession, or

PAGE 5 -  ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING CLASS COUNSEL ATTORNEY FEES AND COSTS, AND APPROVING SERVICE AWARDS TO PLAINTIFFS

evidence of any liability (or lack thereof) or wrongdoing (or lack thereof) of any nature on the part of the Releasees, and will not be construed as, or deemed to be evidence of, an admission or concession that the Plaintiffs or Class Members have or have not suffered any damage.

17. Without affecting the finality of this Order, the Court hereby reserves continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the Settlement.

18. The Court shall enter a judgment consistent with this Order.

IT IS SO ORDERED this 21 day of ___Oct___, 2016.

_____
Hon. Marco A. Hernández
United States District Judge